Case 1:08-cv-00705-ODE Document 14 Filed 10/20/08 Page 1 of 17

FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 2 0 2008

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATRINA C. WILLIS

    Plaintiff

v.

    CIVIL ACTION NO.
    1:08-CV-705-ODE

THOMAS L. KNIGHT

    Defendant

<u>ORDER</u>

This copyright infringement case is currently before the Court on Plaintiff's motion for summary judgment [Doc. #4], Plaintiff's emergency motion for injunctive relief [Doc. #5], and Defendant's motion to dismiss [Doc. #8]. Plaintiff sued Defendant alleging copyright infringement under 17 U.S.C. § 106 of a musical composition she co-wrote (Count I) and the unauthorized fixation and trafficking in the name, picture, portrait and likeness of Plaintiff and the other performers through the display and distribution of a music video embodying that composition in violation of 17 U.S.C. § 1101(a)(2) (Count II). For the reasons stated below, Defendant's motion to dismiss Plaintiff's Complaint [Doc. #8] is GRANTED, Plaintiff's emergency motion [Doc. #5] is DENIED, and Plaintiff's motion for summary judgment [Doc. #4] is DENIED.

I. <u>Procedural and Factual History</u>

Due to the fact that several overlapping motions have been filed in this case, a full review of the procedural history of the case is in order:

A.      Plaintiff's Complaint and Defendant's Answer

Pro se Plaintiff Katrina C. Willis ("Plaintiff") filed a Complaint against Thomas L. Knight on February 28, 2008, alleging that she is the owner or co-owner of the copyright in a song entitled "All I Did (Was Love You)" (the "Composition"). Defendant is a musician and video producer who, individually and through his company Knightyme Studios, Inc., owns several websites through which he advertises his services. [Doc. #1, at 3; Doc. #3, at 7]. Plaintiff alleged that the Composition was originally written and subject to the terms of a co-publishing agreement between her and her co-publisher (the "Agreement").[1] [Doc. #1, at 3]. Plaintiff alleged that between September 14, 2004 and September 30, 2004, and during the effective term of the Agreement, Plaintiff and Defendant created a music video (the "Video") containing the Composition in order to promote Plaintiff's music. [Doc. #1, at 3]. Plaintiff claims that she and Defendant created the Video "in a collaborative effort," with both Plaintiff and Defendant appearing in the Video as performers. [Doc. #1, at 3]. Plaintiff claims that pursuant to a termination agreement between her and her co-publisher, all rights in the Composition reverted to Plaintiff. [Doc. #1, at 4]. After the

---

[1]As an exhibit to her Complaint, Plaintiff attached the "Exclusive Writer and Co-Publishing Agreement" with Air Control Music, Inc., whereby she was to deliver to Air Control her interest in any new composition written by her, in whole or in part. [Doc. #1-2]. Also attached to Plaintiff's Complaint is a "Song Delivery Form" which appears to indicate that the Composition was written by Willis and another writer, Tenill Ransom. [Doc. #1-2, at 7].

2

termination of the Agreement, Plaintiff alleges that she sent cease-and-desist requests to various individuals regarding the use of her musical compositions, including a request sent to Defendant asking Defendant to cease the display of the Video on Defendant's websites. [Doc. #1, at 5]. Plaintiff alleged that Defendant has refused to comply with her requests and is still displaying and disseminating the Composition as embedded in the Video on his various websites. [Doc. #1, at 5]. Plaintiff claimed infringement of her copyright in the Composition under 17 U.S.C. 106 (Count I) and the unauthorized fixation and trafficking in the name, picture, portrait and likeness of Plaintiff and the other performers in the Video in violation of 17 U.S.C. § 1101(a)(2) (Count II). Plaintiff sought the following relief: a preliminary and permanent injunction against the Defendant's use of Plaintiff's Composition and the likeness of Plaintiff and the other performers in the video under 17 U.S.C. § 502, an order that Defendant destroy all copies of the Composition and the Video under 17 U.S.C. § 503, an order for Defendant to file a sworn report of compliance, statutory damages under 17 U.S.C. § 504, and costs of the action. [Doc. #1, at 8-9].

Defendant answered on March 24, 2008, denying Plaintiff's claims. Among other defenses, Defendant alleged the Complaint failed to state a claim upon which relief could be granted, that Plaintiff failed to establish her ownership in the copyright to the Video, and that this Court has no subject matter jurisdiction over Plaintiff's claims because they raise only issues of contract law and no federal question. [Doc. #3, at 1-5]. Defendant counterclaimed for an award of attorneys' fees under 17 U.S.C. §

3

501, alleging that Plaintiff instituted a frivolous lawsuit against Defendant (Counterclaim I). [Doc. #3, at 16]. Defendant also brought a claim of tortious interference with his contractual rights, alleging that Plaintiff and her roommate sent letters to third parties threatening legal action on letterhead falsely indicating that such correspondence was from a law firm (Counterclaim II). [Doc. #3, at 16-18]. Defendant sought dismissal of Plaintiff's Complaint with prejudice, an award of attorneys' fees and expenses under 17 U.S.C. § 501 et seq. (Counterclaim I), damages in the amount of $50,000 (Counterclaim II), and the costs of the action. [Doc. #3, at 18-19].

    B.    Motion for Summary Judgment and Emergency Motion for Injunctive Relief

On April 2, 2008, Plaintiff filed a motion for summary judgment as to all counts in the Complaint. [Doc. #4]. On April 15, 2008, Plaintiff filed an emergency motion for injunctive relief under Local Rule 7.2(B), requesting that the Court waive the time period allotted for Defendant to respond to Plaintiff's motion for summary judgment under Local Rule 7.1(B) and grant an immediate order in favor of Plaintiff's motion for summary judgment prior to Defendant's response. [Doc. #5.]

    C.    Defendant's Motion to Dismiss and Response to Plaintiff's Motions

On April 26, 2008, although he had already responded to Plaintiff's Complaint, Defendant filed a motion to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Doc. #8]. In his motion, Defendant contends that the Complaint lacks any basis to support subject matter jurisdiction under the Copyright Act because

Plaintiff failed to submit any evidence that she had registered the copyright in the Composition. [Doc. #8]. Defendant also claims that Plaintiff's copyright infringement claims are barred because Plaintiff and Defendant are joint authors of the Video, Plaintiff granted Defendant a non-exclusive license to use the Composition in the Video, and Plaintiff has failed to present a viable federal question. [Doc. #8, at 2].

That same day, Defendant filed a response to Plaintiff's motion for summary judgment contending that because Plaintiff failed to submit a statement of material facts with references to the record or any affidavit, Defendant is unable to respond to Plaintiff's motion. [Doc. #7, at 1]. Defendant then incorporated his motion to dismiss [Doc. #8] into his response to Plaintiff's motion for summary judgment. [Doc. #7, at 2]. Plaintiff opposed Defendant's motion to dismiss [Doc. #11] and Defendant has filed a reply. [Doc. #12].

Defendant filed a response in opposition to Plaintiff's emergency motion on April 28, 2008, contending that Plaintiff's motion was moot. [Doc. #9.]

III. Discussion

A. Procedural issues

Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) was filed after he filed an Answer. Rule 12(b) specifically states that the defenses listed therein must be made by motion prior to making a responsive pleading. Fed. R. Civ. P. 12(b). Because Defendant first raised the "failure to state a claim" defense in his responsive pleading, and because he has

5

raised the issue of subject matter jurisdiction, the Court will construe Defendant's 12(b)(6) motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). A motion for judgment on the pleadings is the proper vehicle to challenge a complaint after an answer has been filed. Brisk v. City of Miami Beach, Florida, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989). A motion for judgment on the pleadings based on the failure to state a claim is allowed after the close of pleadings pursuant to Rule 12(h)(2).

### B.  Standard of Review

Judgment on the pleadings "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." Id. The Court "must accept all facts in the complaint as true and 'view them in the light most favorable to the' plaintiff[ ]." Moore v. Liberty Nat. Life Ins. Co., 267 F.3d 1209, 1213 (11th Cir. 2001) (quoting Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)); see also Gen. Guar. Ins. Co. v. Parkerson, 369 F.2d 821, 825 (11th Cir. 1966) ("We are, of course, aware of the obligation to scrutinize the complaint and to let it stand if plaintiff might recover under any state of facts which could be proved in support of the claim, with the complaint construed in the plaintiff's favor.").

C.  Count I: Copyright Infringement

1.  Registration Requirement (17 U.S.C. § 411)

Because Plaintiff failed to allege or make any showing in her Complaint that she registered or applied to register the copyright in the Composition, this Court has no subject matter jurisdiction over her copyright infringement claim (Count I). Registration of the copyright to a work is a jurisdictional prerequisite to filing an action for copyright infringement and must be alleged in the complaint. 17 U.S.C. § 411 ("no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"); see Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281 (11th Cir. 2000); M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 (11th Cir. 1990). In her Complaint, Plaintiff failed to plead that she has registered the copyright to the Composition. She attached no evidence of the registration of the Composition with the United States Copyright Office. For that reason, Plaintiff's copyright infringement claim must be dismissed without prejudice. Because Plaintiff has attached two related copyright registrations to her filings, however, the Court will briefly address Plaintiff's arguments as to those documents.

2.  Registration of Preexisting Lyrics

In her response to Defendant's motion to dismiss, Plaintiff claims that Ransom's original copyright registration of "The Works of Tenill Ransom, Part 1," which included lyrics for the song "All I Did Was Love You," satisfies the statutory requirement of registration under Section 411. In support of her opposition to

7

Defendant's motion, Plaintiff attached the affidavit of her co-writer, Tenill Ransom and the certificate of registration of "The Works of Tenill Ransom, Part 1," which lists Tenill Ransom as the only author of the lyrics contained therein. [Doc. #11, at 31-43].

A court cannot consider any outside materials submitted by the parties without converting Defendant's motion into a motion for summary judgment. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002). For that reason, the Court has declined to consider Ransom's affidavit. [Doc. #11, at 30-37]. Even if the Court did consider the affidavit, however, it only makes clear that the registration of "The Works of Tenill Ransom, Part 1" does not satisfy the statutory requirement of registration as to the Composition. Ransom explains in her affidavit that she is the author of the original set of lyrics for "All I Did Was Love You." [Doc. #11, at 32]. Ransom registered those lyrics as a component of "The Works of Tenill Ransom Part 1," and the certificate lists only Ransom as the author.[2] [Doc. #11, at 32].

---

[2] "[W]hen considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Davis v. Williams Communications, Inc., 258 F. Supp. 2d 1348, 1352 (N.D.Ga.2003) (citing Bryant v. Avado Brands Inc., 187 F.3d 1271, 1279-80 (11th Cir.1999)). Under Rule 201(b) of the Federal Rules of Evidence, a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A certificate of federal registration for copyright, as published in the

Ransom states that Plaintiff then revised the lyrics and composed music to accompany them, resulting in the Composition. [Doc. #11, at 32].

Based on Ransom's affidavit, the Composition is a derivative work based on the preexisting lyrics written by Ransom.[3] Before a suit can be brought for the infringement of a derivative work, Courts have held that the derivative work must be registered separately from the underlying work. Murray Hill Publ'ns, Inc. v. ABC Communications, Inc., 264 F.3d 622, 630 (6th Cir. 2000)(holding that the copyright owner must formally register a derivative work in order to file an infringement suit for infringement of that derivative work). The Eleventh Circuit has held that the owner of a copyright in a registered underlying work may sue for infringement of portions of an unregistered derivative work, but only where the author of both works is the same and the

---

Copyright Office's registry, is a public record of which a district court may take judicial notice. Island Software and Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005).

[3]The Copyright Act provides the following definition of a "derivative work":
> A "derivative work" is a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work".

17 U.S.C. § 101.

underlying work is infringed by virtue of the defendant's copying of the derivative work. Montgomery v. Noga, 168 F.3d 1282, 1292-93 (11th Cir. 1999). Plaintiff is not the author of Ransom's pre-existing lyrics and therefore cannot base her claim of infringement of the Composition on Ransom's registration of the lyrics.[4]

### 3. Registration of the Video

Plaintiff also attached a certificate of copyright registration for the Video as an exhibit to her opposition to Defendant's motion. [Doc. #11, at 50-51]. Plaintiff's registration of the copyright in the Video cannot be the basis for an infringement action based on the underlying Composition. Where the copyright owner of an underlying work is the same as the owner of the derivative work, that owner may be allowed to sue for infringement of the underlying work based on the registration of the derivative work that encompasses that underlying work. See Howard v. Sterchi, 725 F. Supp. 1572, 1575-76 (N.D. Ga. 1989), aff'd, 12 F.3d 218 (11th Cir. 1993); Streetwise Maps, Inc. v. Vandam, Inc., 159 F.3d 739, 746-47 (2d Cir. 1998). However, where the certificate of registration of the derivative work does not properly reference the underlying work, a plaintiff cannot bring

---

[4] Plaintiff claims that the "Song Delivery Form" evidences Ransom's transferral to Plaintiff of 50% of the copyright in Ransom's registered work. The "Song Delivery Form," however, only references the Composition, which, as explained above, is a separate derivative work based on the pre-existing lyrics registered by Ransom. The "Song Delivery Form," therefore, is not evidence of the transferral of a registered copyright in the Composition.

an infringement suit for the underlying work based on the registration of the derivative work. See Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1229-30 (11th Cir. 2008) (holding that copyright owner could not rely on the registration of a derivative work where the registration certificate did not identify unregistered preexisting works); Quintanilla v. Texas Television Inc., 139 F.3d 494, 500 (5th Cir. 1998)(holding that songwriters of compositions underlying video cannot sue for the infringement of the songs where only the video was registered); Morita v. Omni Publ'ns Int'l, Ltd., 741 F. Supp. 1107, 1110-11 (S.D. N.Y. 1990)(holding that a copyright owner's registration of a poster did not serve as registration of the underlying sculpture that appeared in a photograph in the poster because the owner failed to identify the sculpture on the registration form), vacated by consent judgment, 760 F. Supp. 45 (S.D. N.Y. 1991). The certificate of registration for the Video references only the sound recording of "All I Did (Was Love You)" but makes no reference to the Composition or its authors.[5] [Doc. #11, at 50-51]. Therefore, Plaintiff's registration of the copyright to the Video cannot be the basis for jurisdiction over her infringement claim for the Composition.

Because Plaintiff has failed to register the Composition as required by 17 U.S.C. § 411, the Court dismisses Count I of Plaintiff's Complaint without prejudice. Plaintiff may file a new complaint for copyright infringement upon obtaining the proper

---

[5]Sound recordings and musical compositions are separate works with distinct copyrights. Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193 (10th Cir. 2005).

11

registration. See M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1489 (11th Cir. 1990). Because the Court has no jurisdiction over Count I, it declines to consider Plaintiff's remaining arguments supporting her claim of copyright infringement set forth in her opposition to Defendant's motion to dismiss.

### 2. Count II: Unauthorized Fixation and Trafficking in Sound Recordings and Music Videos

#### a. Subject Matter Jurisdiction

While it is unclear from Defendant's motion to dismiss, Defendant appears to contend that, due to Plaintiff's failure to register her copyright in the Composition, this Court also has no jurisdiction over Count II, Plaintiff's claim under 17 U.S.C. § 1101(a)(2). [Doc. #8, at 10]. Section 1101(a), also known as the "anti-bootlegging statute," provides:

> (a) Unauthorized acts. Anyone who, without the consent of the performer or performers involved-
>
> > (1) fixes the sounds or sounds and images of a live musical performance in a copy or phonorecord, or reproduces copies or phonorecords of such a performance from an unauthorized fixation,
> >
> > (2) transmits or otherwise communicates to the public the sounds or sounds and images of a live musical performance, or
> >
> > (3) distributes or offers to distribute, sells or offers to sell, rents or offers to rent, or traffics in any copy or phonorecord fixed as described in paragraph (1),
>
> regardless of whether the fixations occurred in the United States, shall be subject to the remedies provided in sections 502 through 505 [17 USCS §§ 502-505], to the same extent as an infringer of copyright.

17 U.S.C. § 1101(a). While the case law interpreting this provision is sparse, it appears that the prerequisite of Section 411 does not apply to suits brought pursuant to this provision. Section 411 provides that "no action for the infringement of the

12

copyright in any United States work" may be brought until the work is registered. 17 U.S.C. § 411. However, Section 1101 protects live performances that are, by their very nature, unfixed. Live performances are generally not copyrightable because they are not fixed in a "tangible medium of expression" and are not covered by the terms of 17 U.S.C. § 102(a), which describes the subject matter covered by copyright protection. Cases interpreting 17 U.S.C. § 1101 and its nearly identical counterpart in the criminal code, 18 U.S.C. § 2319A,[6] have explained that Sections 1101 and 2319A apply to "bootlegging," or the making of "an unauthorized copy of a commercially unreleased performance," as distinct from "piracy," which is an unauthorized duplication of an authorized and commercially released recording. United States v. Moghadam, 175 F.3d 1269, 1272 n.3 (11th Cir. 1999)(quoting Dowling v. United States, 473 U.S. 207, 209 n.2 (1985)), cert. denied, 529 U.S. 1036 (2000); Kiss Catalog, Ltd v. Passport Intern. Prods., Inc., 405 F. Supp. 2d 1169, 1171 n.5 (C.D. Cal. 2005). In Kiss Catalog, the district court, in holding the statute to be a constitutional exercise of Congress' power under the Commerce Clause, found that the statute protects subject matter not protected under the Copyright Clause: "[W]hat Congress regulates here is an unauthorized and (by this statute) unlawful recording of a live performance, not an authorized, protected, and constitutionally-

---

[6] 18 U.S.C. § 2319A is identical to 17 U.S.C. § 1101 except that it requires a perpetrator to have committed the prohibited acts "knowingly and for purposes of commercial advantage or private financial gain." 18 U.S.C. § 2319A.

13

encouraged fixation of an author's original work." 405 F. Supp. 2d at 1176.[7]

Actions brought under 17 U.S.C. 1101, therefore, are not true actions for copyright infringement. "[T]he protections that the anti-bootlegging statutes confer on musicians are best described as 'quasi-copyright' or sui generis protections." United States v. Moghadam, 175 F.3d 1269, 1273 (11th Cir. 1999). To hold that a plaintiff must register with the Copyright Office a work that is ineligible to receive copyright protection in order to bring an action under Section 1101 makes little sense. It is necessary to examine, therefore, whether Plaintiff has sufficiently stated a claim in her Complaint under this provision.

### b. Plaintiff's Complaint

Plaintiff's claim under Section 1101(a)(2) (Count II) must be dismissed with prejudice because she has failed to state a claim upon which relief can be granted under that provision. Defendant has correctly pointed out that in Plaintiff's Complaint, Plaintiff alleges that she and Defendant worked together on the creation of

---

[7] Because 17 U.S.C. § 1101 and 18 U.S.C. § 2319A protect unfixed live performances, several courts, including the Eleventh Circuit, have examined whether these statutes are a constitutional exercise of Congress' power. See United States v. Moghadam, 175 F.3d 1269 (11th Cir. 1999) (holding that 18 U.S.C. § 2319A is a lawful exercise of power under the Commerce Clause); United States v. Martignon, 492 F.3d 140 (2d Cir. 2007) (holding that 18 U.S.C. § 2319A(a)(1) and (3) were validly enacted under the Commerce Clause); Kiss Catalog, Ltd v. Passport Int'l Prods., 350 F. Supp. 2d 823 (C.D. Cal. 2004) (finding that 17 U.S.C. § 1101(a)(3) is unconstitutional because its enactment conflicts with the limitations of the Copyright Clause), vacated by 405 F. Supp. 2d 1169 (C.D. Cal. 2005) (holding that 17 U.S.C. § 1101(a)(3) is a constitutional enactment under the Commerce Clause).

the Video: "The Video was created, directed, produced, and edited in a collaborative effort between Plaintiff and Defendant, with both Parties (and several others) enacting roles performing as members of a musical group or band-Plaintiff as a vocalist, Defendant as a drummer." [Doc. #1, at 3]. Plaintiff states that she originally gave permission for Defendant to incorporate the Composition into the Video for the purpose of promoting her career. [Doc. #1, at 3].

In order to violate 17 U.S.C. § 1101, there must be either an "unauthorized fixation" or transmission of a "live musical performance" without the consent of the performers involved. Because Plaintiff has alleged that Plaintiff and Defendant collaborated on the Video, the creation of the Video was not an "unauthorized fixation" of a live performance.[8] Furthermore, because Plaintiff states in her Complaint that she and Defendant agreed to record the performance contained in the Video, Plaintiff has not pleaded that Defendant is transmitting the sounds or images of a "live musical performance," which is, by its very nature, unfixed. According to Plaintiff's Complaint, the Video was recorded and released with Plaintiff's consent to promote Plaintiff's career. The proper vehicle for Plaintiff's claim, therefore, is an action for copyright infringement under 17 U.S.C. § 501. To allow Plaintiff to escape the registration requirement of Section 411 by permitting her to proceed under 17 U.S.C. § 1101, which applies to "live musical performances" rather than

---

[8]To the extent that the other performers in the Video did not authorize such a fixation, they are not parties before the Court and Plaintiff has no standing to bring their claims.

performances fixed with the consent of the performer, would defeat the purpose of the registration requirement.

    C.    <u>Plaintiff's Motion for Summary Judgment</u>

Because the Court grants Defendant's motion for judgment on the pleadings, Plaintiff's motion for summary judgment is denied. The Court notes, however, that Plaintiff failed to follow the Local Rules in the submission of her motion for summary judgment. Specifically, she failed to provide the Court with a statement of undisputed material facts separate from her legal brief, as required by Local Rule 56.1B.(1). [Doc. # 4-9.] Furthermore, several of Plaintiff's facts are without citations to evidentiary materials and are supported only by citations to legal authority. The Local Rules provide that "[e]ach material fact must be numbered separately and supported by a citation to evidence proving such fact." N.D. Ga. L.R. 56.1B.(1). Defendant, in turn, filed a late response to Plaintiff's motion for summary judgment.

In order to allow the resolution of any future filings, the parties must follow the Local Rules. Conclusory allegations, statements supported only by citations to legal authority, and statements unsupported by citations to evidence will not be considered upon a motion for summary judgment.

    D.    <u>Plaintiff's Emergency Motion for Injunctive Relief</u>

Plaintiff's emergency motion seeks that the Court waive the time period allotted in the Local Rule 7.1(B) for Defendant's response to Plaintiff's motion for summary judgment and immediately grant an injunction against Defendant's use of the Composition. [Doc. #5, at 1]. Given that Plaintiff's Complaint is dismissed, Plaintiff's motion is denied as moot.

E. Defendant's Remaining Counterclaims

Defendant has counterclaimed against Plaintiff for an award of attorneys' fees under 17 U.S.C. 501 (Counterclaim I) and for tortious interference with contractual rights (Counterclaim II). Because the Court has not reached the merits of Plaintiff's copyright infringement claim (Count I) and has dismissed it without prejudice, an award of attorneys' fees under 17 U.S.C. § 505 is premature at this time. In addition, where the federal claims have been dismissed prior to trial, the district court may dismiss any remaining state claims. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004). Defendant's counterclaim for tortious interference with contractual rights is dismissed without prejudice.

IV. Conclusion

The Court has carefully reviewed the parties' filings. In summary, Plaintiff's motion for summary judgment [Doc. #4] and emergency motion for injunctive relief [Doc. #5] are DENIED. Defendant's motion to dismiss [Doc. #8] is GRANTED. Count I of Plaintiff's Complaint [Doc. #1] and Defendant's Answer and Counterclaims [Doc. #3] are DISMISSED WITHOUT PREJUDICE. Count II of Plaintiff's complaint [Doc. 1] is DISMISSED WITH PREJUDICE.

SO ORDERED, this 20 day of October, 2008.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE